NO. 07-07-0052-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 13, 2009
_____

RONI LYNN BYARD, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 33RD DISTRICT COURT OF LLANO COUNTY;

NO. 5860; HONORABLE DAN MILLS, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant Roni Lynn Byard appeals from her conviction of possession of methamphetamine and the resulting sentence of seven years' confinement, probated for a period of ten years. Through two issues, appellant challenges the sufficiency of the evidence to support her conviction. Finding the evidence sufficient, we affirm the judgment of the trial court.

Background

By an October 2006 indictment, appellant was charged with possession of an immediate precursor with intent to manufacture methamphetamine,[1] manufacture of methamphetamine,[2] and possession of methamphetamine.[3] The jury found her not guilty of Counts I and II but guilty of Count III, possession of methamphetamine.

Evidence at trial showed that Llano, Texas, police went to a mobile home there after they obtained information leading them to believe that illegal drug activity was occurring. The lessee of the single-wide home, who was present, consented to a search of the residence. Appellant and her boyfriend had been staying at the home. Appellant's young teenage son also was present. Appellant and her boyfriend were found asleep in the south bedroom of the mobile home. One officer testified that there was a "large amount of debris, trash, clothing, things like that" in the bedroom where appellant was found. Officers also found in the bedroom hot plates, petroleum distillates, coffee pots, packaging material, small plastic bags with what appeared to be methamphetamine residue, rock salt, pyrex glassware, pseudoephedrine packages, and a butane burner with a bottle attached. Officer testimony noted also the presence of three key indicators of methamphetamine manufacturing-- match books with the strikers removed, iodine staining and pseudophedrine packaging.

---

[1] See Tex. Health & Safety Code Ann. § 481.124 (Vernon 2003).

[2] See Tex. Health & Safety Code Ann. § 481.112 (Vernon 2003).

[3] See Tex. Health & Safety Code Ann. § 481.115 (Vernon 2003).

During the search of the room, officers also found what they described as two clandestine methamphetamine labs. The items officers referred to were located in two unlocked black bags[4] found in the closet in the south bedroom. The items in the bag included, among other things, a green glass beer bottle, assorted water bottles, Gatorade bottles, and acetone. The black bags belonged to appellant's boyfriend. Three bottles contained substances of 0.78 grams, 31.17 grams, and 122.59 grams, respectively, that tested positive for methamphetamine.[5] These substances were the basis of appellant's conviction.

Appellant's boyfriend David Johnson testified for the State. He testified he and appellant had been together for several months, that they met in Alabama and that they had come to Llano in appellant's car several months before their arrest. Johnson had previously lived in Llano. After arriving there, the two stayed with acquaintances of Johnson. Johnson admitted the methamphetamine belonged to him. He also testified he and appellant had been cooking and using methamphetamine for several days and testified appellant helped with the cook. Johnson indicated he and appellant were "sleeping off a high" when police found them.

The investigating officers found debris in a trash can located on the front porch of the home that they identified as residue from a methamphetamine cook. The items in the trash included match books with the striker plates removed, a hypodermic syringe, packing

---

[4] Evidence shows one of the bags was a piece of luggage with wheels and a handle, and the other bag was a backpack.

[5] The State also produced numerous photographs of the mobile home, depicting appellant and the other individuals as well as chemicals and equipment described as commonly utilized in the manufacture of methamphetamine.

material from at least one case of matches, and coffee filters. An officer testified "almost everything has what's consistent with iodine stains on the material." Testimony indicated that the local trash pick-up occurred once a week, leading officers to conclude the cook had occurred within the week. Lastly, officers testified to a strong odor in the home.

Appellant presented her case through the cross-examination of the State's witnesses and a witness she called who testified that when appellant and Johnson stayed with her for about three weeks, she never saw black bags like those found to contain the methamphetamine. She also identified appellant's possessions by viewing a photograph shown to her by the prosecutor, none of which included black bags. The witness also testified that about a week prior to appellant's arrest, Johnson left the witness's residence and took appellant's car with him.

As noted, the jury found appellant not guilty of possession of an immediate precursor with intent to manufacture methamphetamine and manufacture of methamphetamine, but guilty of possession of methamphetamine in an amount of four grams or more but less than 200 grams. Her sentence included seven years' imprisonment, probated for ten years.

Analysis

By two issues, appellant challenges: (1) the legal and factual sufficiency of the evidence to support her conviction for possession of methamphetamine; and (2) the trial

court's failure to grant her request for a directed verdict. We will address both issues together.[6]

Applicable Law

In conducting a legal sufficiency review, we must determine whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 318-19, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)*; Hooper v. State,* 214 S.W.3d 9, 13 (Tex.Crim.App. 2007); *Fowler v. State,* 65 S.W.3d 116, 118 (Tex.App.–Amarillo 2001, no pet.). If, based on all the evidence, a reasonably minded jury must necessarily entertain a reasonable doubt of the defendant's guilt, due process requires that we reverse and order a judgment of acquittal. *Swearingen,* 101 S.W.3d at 95, *citing Narvaiz v. State,* 840 S.W.2d 415, 423 (Tex.Crim.App. 1992), *cert. denied,* 507 U.S. 975, 113 S.Ct. 1422, 122 L.Ed.2d 791 (1993). Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor and the standard of review on appeal is the same for both direct and circumstantial evidence cases. *Guevara v. State,* 152 S.W.3d 45, 49 (Tex.Crim.App. 2004); *Kutzner v. State,* 994 S.W.2d 180, 184 (Tex.Crim.App. 1999). A reviewing court must give deference to "the responsibility of the trier of fact to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper*, 214 S.W.3d at 13.

---

[6] A claim that a directed verdict was required is a challenge to the legal sufficiency of the evidence. *Canales v. State,* 98 S.W.3d 690, 693 (Tex.Crim.App. 2003); *Williams v. State,* 937 S.W.2d 479, 482 (Tex.Crim.App. 1996).

A factual sufficiency review of the evidence is "barely distinguishable" from the legal sufficiency review under *Jackson v. Virginia*. *Marshall v. State*, 210 S.W.3d 618, 625 (Tex.Crim.App. 2006). A factual sufficiency review considers whether the evidence supporting guilt, though legally sufficient, is so weak that the jury's verdict seems clearly wrong and manifestly unjust, or evidence contrary to the verdict is such that the jury's verdict is against the great weight and preponderance of the evidence. *Id.; Watson v. State*, 204 S.W.3d 404, 414-15 (Tex.Crim.App. 2006); *Johnson v. State*, 23 S.W.3d 1, 11 (Tex.Crim.App. 2000). In a factual sufficiency review, we again consider all the evidence, but now in a neutral light. *Marshall*, 210 S.W.3d at 625; *Watson*, 204 S.W.3d at 414. Although an appellate court's authority to review factual sufficiency permits the court to disagree with the fact finder's determinations, even to a limited degree those concerning the weight and credibility of the evidence, the appellate court must accord them due deference. *Marshall*, 210 S.W.3d at 625; *Johnson*, 23 S.W.3d at 9. We must also discuss the evidence that, according to the appellant, most undermines the jury's verdict. *Sims v. State,* 99 S.W.3d 600, 603 (Tex.Crim.App. 2003).

Appellant was convicted of possession of methamphetamine. To prove its case, the State must show appellant exercised care, custody and control over the methamphetamine and had knowledge that the substance in her possession was contraband. Tex. Penal Code Ann. § 1.07(a) (Vernon 2003); *Poindexter v. State,* 153 S.W.3d 402, 405 (Tex.Crim.App. 2005); *Brown v. State,* 911 S.W.2d 744, 747 (Tex.Crim.App. 1995); *Lassaint v. State,* 79 S.W.3d 736, 739 (Tex.App.–Corpus Christi 2002, no pet.). Possession need not be exclusive and evidence which shows that an accused jointly

possessed the contraband with another is sufficient. *Whitworth v. State,* 808 S.W.2d 566, 569 (Tex.App.–Austin 1991, pet. ref'd). When an accused is not in exclusive possession and control of the place where the contraband was found, it cannot be concluded or presumed that the accused had knowledge of or control over the contraband unless there are additional independent facts and circumstances connecting or linking the accused to the knowing possession of contraband. *Poindexter,* 153 S.W.3d at 406; *Brown,* 911 S.W.2d at 748; *Hargrove v. State,* 211 S.W.3d 379, 385 (Tex.App.–San Antonio 2006, pet. ref'd). In determining the legal sufficiency of evidence in a knowing possession of contraband case, there must be evidence of circumstances, in addition to mere presence, to adequately justify the conclusion that the accused knowingly possessed the contraband. *Evans v. State,* 202 S.W.3d 158, 162 n.9 (Tex.Crim.App. 2006); *Washington v. State,* 215 S.W.3d 551, 554-55 (Tex.App.–Texarkana 2007, no pet.). Presence and proximity when combined with other evidence, direct or circumstantial, may be sufficient to establish a knowing possession of contraband. *Evans,* 202 S.W.3d at 162.

Statute provides that a conviction cannot be had on the testimony of an accomplice unless it is corroborated by other evidence tending to connect the defendant with the offense committed, and the corroboration is not sufficient if it merely shows the commission of the offense. Tex. Code Crim. Proc. Ann. § 38.14 (Vernon 2005); *Dreury v. State,* 225 S.W.3d 491, 498 (Tex.Crim.App. 2007) (before conviction may rest on an accomplice witness's testimony, it must be corroborated by "independent evidence tending to connect the accused with the crime").

Application

By the time of trial, Johnson had plead guilty to the offense of possession, with intent to manufacture, of an immediate precursor of methamphetamine. The jury was instructed he was an accomplice as a matter of law. *See* Tex. Code Crim. Proc. Ann. § 38.14 (Vernon 2005); *Kutzner,* 994 S.W.2d at 187, *citing McFarland v. State,* 928 S.W.2d 482, 514 (Tex.Crim.App. 1996) (a person is an accomplice, whose testimony must be corroborated, as a matter of law if he would be susceptible to prosecution for the offense with which the accused is charged or a lesser included offense). He had not yet been sentenced when he testified for the State at appellant's trial, and said part of his plea agreement required that he testify truthfully at her trial. Accordingly, we first consider whether his testimony was corroborated.

The sufficiency of corroborating evidence is tested by eliminating the accomplice witness testimony and then examining the remaining evidence to determine the existence of evidence connecting the defendant with the commission of the offense. *Munoz v. State*, 853 S.W.2d 558, 559 (Tex.Crim.App. 1993). It is not necessary that the remaining evidence directly link the defendant to the crime or prove all the elements of the charged offense. *Gill v. State*, 873 S.W.2d 45, 48 (Tex.Crim.App. 1994). To corroborate accomplice-witness testimony, "all the law requires is that there be s*ome* non-accomplice evidence which *tends* to connect the accused to the commission of the offense. While individually these circumstances might not be sufficient to corroborate the accomplice testimony, taken together, rational jurors could conclude that this evidence sufficiently *tended* to connect

appellant to the offense." *Hernandez v. State,* 939 S.W.2d 173, 178-79 (Tex.Crim.App. 1997), *citing Cox v. State,* 830 S.W.2d 609, 612 (Tex.Crim.App. 1992) (emphasis in original); *Cantelon v. State,* 85 S.W.3d 457, 460-61 (Tex.App.–Austin 2002, no pet.). There is no precise rule as to the amount of evidence that is required, and each case is to be considered on its own facts and circumstances. *Munoz,* 853 S.W.2d at 559. We must view the corroborating evidence in the light most favorable to the verdict. *Knox v. State,* 934 S.W.2d 678, 686-87 (Tex.Crim.App. 1996); *Gill,* 873 S.W.2d at 48.

Johnson testified that appellant's role in the manufacturing process was to scrape the match book covers. The State's brief argues Johnson's testimony is corroborated by the presence of scraped match book covers in the trash. But that evidence merely corroborates the commission of the offense, not appellant's involvement. Appellant argues that without Johnson's testimony the evidence shows only her presence. While an accused person's mere presence in the company of the accomplice before, during, and after the commission of the offense is insufficient by itself to corroborate accomplice testimony, evidence of such presence, coupled with other suspicious circumstances, may tend to connect the accused to the offense. *Dowthitt v. State*, 931 S.W.2d 244, 249 (Tex.Crim.App. 1996), *citing Gill*, 873 S.W.2d at 49. Here, the non-accomplice evidence[7] includes an officer's testimony that appellant "co-habitated" with Johnson,[8] and testimony that appellant's vehicle was parked at the mobile home during the month before their arrest. The jury also could have inferred

_____

[7] Because of appellant's issue contesting denial of her motion for directed verdict, we mention only evidence the jury heard during the State's case-in-chief.

[8] An officer also testified appellant's son said, when asked if there were other people in the residence, appellant was in the "back bedroom asleep with her boyfriend."

9

from police testimony that clothing folded in the laundry baskets found in the mobile home belonged to appellant. Although there was testimony that other females sometimes stayed in the mobile home, nothing indicates any other female was then staying there. Appellant's purse was lying on top of the baskets, which contained both male and female clothing.

Additionally, the odor associated with methamphetamine manufacturing was described at trial as "strong." Testimony indicated the odor emanated from the trash can by the home's front porch but was present inside the home as well. One officer testified it was "an immediately strong odor" even after the house had been ventilated and the front doors opened. The same officer said the odor was strong in the bedroom from which appellant walked, and indicated a person could not be in that room without smelling it. The odor was described as "kind of acidic with a strong acid metallic smell."

The requirement that accomplice-witness testimony be corroborated does not present a high threshold. *McAfee v. State,* 204 S.W.3d 868, 878-79 (Tex.App.–Corpus Christi 2006, pet. ref'd); *Cantelon,* 85 S.W.3d at 461. Even insignificant circumstances may satisfy the test. *Id., Reed v. State,* 744 S.W.2d 112, 126 (Tex.Crim.App. 1988). We find the evidence that appellant had been present with the accomplice in the mobile home during an extended period of time, coupled with the evidence of the strong odor associated with methamphetamine manufacture, tends to connect appellant with the offense of possession of methamphetamine.

Because we find Johnson's testimony was corroborated, we now consider his testimony in determining the sufficiency of the evidence to support appellant's conviction for

10

possession of methamphetamine. Taking all of the evidence together and considering Johnson's testimony that appellant participated in the "cook" and used methamphetamine while at the residence, we find legally sufficient evidence from which a jury could reasonably infer appellant controlled, and thus knowingly possessed, the methamphetamine for which she was charged. *See Stubblefield v. State,* 79 S.W.3d 171, 177 (Tex.App.–Texarkana 2002, pet. ref'd) (Grant, J. concurring in part and dissenting in part). Viewing the evidence in the proper light, we find a rational trier of fact could have found the essential elements of possession of methamphetamine beyond a reasonable doubt.

Turning to appellant's factual sufficiency challenge, appellant is correct that, outside Johnson's testimony, little evidence beyond the corroborating evidence we have noted connects her with the methamphetamine. Nothing indicates that appellant had drugs on her person or residue on her clothes, or that she appeared to be under the influence of methamphetamine at the time of her arrest. Many of the items associated with methamphetamine manufacture were found in the trash or in locations in the mobile home other than the bedroom in which she was sleeping. The black bags were in the closet, one of them under a blanket. One officer answered negatively to the prosecutor's question whether a photograph of the room where appellant was found sleeping depicted anything that may be associated with a methamphetamine lab.[9] But the jury was free to believe Johnson's testimony that the methamphetamine was his and appellant helped with its manufacture. We do not find the evidence to be so weak that the jury's verdict seems clearly

---

[9] There also was evidence that other people sometimes occupied the mobile home who could have been involved.

11

wrong and manifestly unjust, or that the evidence contrary to the verdict is such that the jury's verdict is against the great weight and preponderance of the evidence.  We overrule appellant's issues and affirm the judgment of the trial court.


                                        James T. Campbell
                                             Justice



Do not publish.